## DALE v. PAYNE.

### Opinion delivered May 2, 1896.

COUNTY TREASURER—ACTION ON BOND—DEFENSE.—In an action against a county treasurer to recover the statutory penalty for refusal to pay a county warrant when he had money applicable thereto, under Sand. & H. Dig., secs. 993-4, it is no defense that, after the treasurer refused payment of the warrant, the holder exchanged it for other smaller warrants, before commencing his action on the bond.

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

C. V. Murry, for appellant.

1.   The evidence fails to show that there were funds in the treasury to pay this warrant when it was presented.

2. Under the statute, before plaintiff can recover he must show he was the holder of the warrant at the beginning of this suit. Sand. & H. Dig., sec. 993. The statute is highly penal, and must be strictly pursued.

3. By electing to receive smaller warrants in exchange for it, in lieu of money, plaintiff waived whatever right he may have had to claim the penalty. 14 Am. Rep. 565; 18 Am. St. Rep. 803; 7 B. & C. 310; L. R. 8 C. P. 350; 46 N. Y. 357; 14 Wend. 419.

4. There was a specific appropriation by the county court of all the "money then in the hands of the treasury" for the payment of county expenses. This was a specific appropriation of the money, and, the item of "circuit court expenses" being the first item, and being more than the amount then in the treasury, the whole of it was set apart to the payment of warrants drawn on that account. 45 Cal. 149; 13 Col. 316; 31 Pac. 334; 34 Pac. 770.

5. Under sec. 1243, Sand. & H. Dig., all the money in the treasury had been appropriated; therefore the warrant was only payable out of the pauper fund, and *not out of the general fund*, as held by the court.

6. The court erred in its refusal of the seventh instruction. This is obvious.

*J. H. Crawford* and *D. M. McMillan*, for appellee.

1. The evidence fully sustained the judgment. It is shown that the treasurer had still in his hands, when this warrant was presented, $824.87 to the credit of the county general fund.

2. It was sufficient, under the statute, to show that plaintiff was "the holder of such warrant" at the time of its presentation. When the treasurer refused payment, his rights became fixed, and the penalty accrued.

3. There is nothing in the contention that the items of the appropriation would have to be paid in

their order as they were named. There is no law to that effect. They all stand on the same footing, to be paid in the order of the presentation of the warrants drawn thereon.

BATTLE, J. This was an action to recover a penalty under the following statute: "If he [county treasurer] should neglect or refuse to pay any warrant drawn on him by order of the county court of his county, having in his hands money applicable thereto, he shall forfeit and pay to the holder of such warrant fourfold the amount thereof. Such forfeiture may be recovered by action in the name of the party aggrieved against such treasurer and his securities, and he shall be deemed guilty of a misdemeanor in office, and on conviction thereof shall be removed from office." Sand. & H. Dig., sec. 993–4.

On the 2nd day of October, 1893, $3,469.82, belonging to the general fund for county purposes, were in the hands of D. T. Dale, as the treasurer of Clark county. On the same day, the Clark county court, consisting of the county judge and justices of the peace, made appropriations aggregating $13,900 for the current year, to be paid out of the general fund; among other items there being $600 for keeping paupers. On the 6th of October, 1893, W. E. Payne received from the county clerk of Clark county a warrant on the treasurer for $209, issued in pursuance of an order of the county court, and payable out of the fund for keeping paupers, the appropriation for such fund being then unexhausted; and on the same day presented it to Dale, in his official capacity, and requested him to pay it; and he replied that there was no money in the treasury for that purpose, and refused to pay the same, there then being in his hands $824.87 belonging to the general fund. Payne thereupon brought this action against Dale and the sureties on his official bond, to recover the penalty

allowed by the statute, and recovered judgment for the same, and the defendants appealed.

The evidence adduced at the trial was sufficient to prove the facts we have stated. Appellant contends that, notwithstanding these facts, appellee was not entitled to recover the penalty, because he had exchanged the warrant, which he received from the county clerk and presented to the treasurer, for smaller warrants, and, by reason thereof, was not the holder of it at the commencement of this action. But that is no defense. The warrant belonged to him when it was presented to the treasurer for payment. There was then money in the treasury belonging to the general fund of the county, sufficient to pay the same. It was payable out of that fund. The treasurer refused to pay it, and the penalty thereupon accrued. The holder of the warrant at that time became entitled to the penalty, and it could not have accrued to any one else. The subsequent exchange of the warrant for others did not set aside the penalty, nor transfer it in the exchange. It was no part of the warrant, and hence did not pass with it.

Judgment affirmed.